[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs seek damages from defendants resulting from the purchase of a motor vehicle. Plaintiffs contend that the defendants misrepresented the viability of the motor vehicle; that the plaintiffs purchased the vehicle based upon its appearance and the defendants' representations regarding the operating running condition of the vehicle.
Plaintiffs further contend that the documentation of the sale required for Motor Vehicle Department registering of the vehicle for roadway operation was inadequate and/or contained incomplete and untrue statements. CT Page 4312
The factual situation leading to this action is found to be:
The plaintiffs were seeking to purchase a used van type motor vehicle. They discovered an ad for such a vehicle in the Hartford Courant and responded by telephone to the number listed in the ad.
The parties arranged to have the plaintiffs examine the vehicle at the defendants' home. During the course of the plaintiffs examination of the vehicle, the plaintiffs were informed by the defendant that he was the owner of the vehicle; that he was Randy Lewis, that the vehicle was used by his wife for several months, that she now had another vehicle, and that they were sow [now] selling the van. When questioned about the repairs to the vehicle the defendant responded that no repairs were made or were required; that, if there were any made they were minor. The plaintiffs in checking the van also drove the vehicle for a very short distance.
Based upon the plaintiffs examination of the vehicle and defendants representations, the plaintiffs purchased the van for $3,700.00.
Upon preparing to register the vehicle the plaintiffs noticed that the title listed the seller's birthdate as that of a man much younger than that of the defendant seller. Plaintiff, Ahmed Belal reported this fact to the Motor Vehicle Department official because of fear that the vehicle might have been stolen. The official refused to register the vehicle. The plaintiffs then became involved in checking out the ownership and title to the vehicle. In testimony presented in court by plaintiffs' witness, Randall Lewis, was that he lived in Waterbury; that he sold the vehicle to a Jay Seltzer; that at the time of sale he left blank the mileage and purchaser's name at Jay's request when Jay indicated he might place the title in the name of another family member. At the time of the purchase both Jay Seltzer and the defendant Wakefield were present and involved in the purchase of the vehicle. The vehicle was taken directly from Lewis to Wakefield's home in Middletown. Shortly thereafter Wakefield advertised it for sale in the Hartford Courant. Through that ad the plaintiffs and the defendant were brought together and entered into the sale/purchase.
The issue before the court is whether the representations CT Page 4313 made by the defendant to the plaintiffs were in fact misrepresentations, and were of such character that the plaintiffs were entitled to rely on them and, that they did so to their detriment.
The court finds that the defendant Wakefield did misrepresent the condition of the motor vehicle sold to the plaintiffs. Further, he misrepresented his status as the title owner as well as the prior chain of title of the vehicle. That the plaintiffs' relied upon the defendants' representations in determining to purchase the vehicle. That the vehicle was not, in fact, as represented to plaintiffs by defendants, but did in fact have serious mechanical problems that manifested themselves shortly after the purchase by the plaintiffs.
Although the defendant sold the vehicle without being the named titleholder there was no evidence presented that he was not authorized to do so, nor that he violated any motor vehicle sales statute in doing so.
In the transfer of title from Randall Lewis to Ahmed Belal, Lewis, as seller, knowingly left blank the spaces for the buyer's name and the mileage reading. He knew from the buyer that another person's name would be placed in the space as the purchaser.
The fact that the defendant, Wakefield, represented to the plaintiff, Ahmed Belal, that he was the seller Lewis, would not in itself invalidate the transfer of the van, nor that of the title certificate. In fact, the plaintiff's concern was that the vehicle might have been stolen. This led to an investigation identifying the real Randall Lewis. Plaintiffs became aware of the true status of the title and did nothing further to register the van in their own names. They did, however, expend several thousands of dollars to correct major mechanical problems that developed in the vehicle shortly after taking possession.
Thus, the vehicle had value to the plaintiffs and they were confident that the title certificate was sufficient to register with the Motor Vehicle Department.
Therefore, the court finds that the defendant, Wakefield, did in fact misrepresent the mechanical condition of the motor vehicle which he sold to the plaintiffs, that the plaintiffs relied on those representations made by the defendant, Wakefield, to their damage. CT Page 4314
The court further finds that the plaintiffs suffered damages in the amount of $3,992.23 together with costs.
JULIUS J. KREMSKI STATE TRIAL REFEREE